IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YOLANDA JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:20-cv-1177 |
| | § | |
| PORTFOLIO RESIDENT SERVICES, INC. | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## COMPLAINT

Plaintiff, YOLANDA JOHNSON, files this Complaint and Jury Demand against Defendant PORTFOLIO RESIDENT SERVICES, INC., alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA"), Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981. For causes of action, Plaintiff would show the Court as follows:

### I.

### PARTIES, JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

1.      Plaintiff  YOLANDA JOHNSON is a resident of Travis County, Texas.

2.      Defendant PORTFOLIO RESIDENT SERVICES, INC. is an entity which can be served with Citation through its Registered Agent, William O. Grimsinger at 1200 Smith Street, Suite 1400, Houston, Texas 77002.

3.      This Court has jurisdiction to hear the merits of Ms. Johnson's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a).

4.      Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Travis County, Texas.

5.      Ms. Johnson filed a complaint with the Texas Workforce Commission and United States Equal Employment Opportunity Commission in July 2019.  On February 13, 2020, Ms. Johnson amended her Charge to include a claim of retaliation.  Ms. Johnson's Notice of Right to Sue from the EEOC is dated September 2, 2020.  This lawsuit was filed on December 1, 2020, within 90 days from the date Ms. Johnson received the right to sue notice from the EEOC.  No exhaustion of administrative remedies is required for claims brought under 42 U.S.C. §1981.

## II.

### FACTUAL BACKGROUND

6.       Plaintiff, Yolanda Johnson, was hired by Defendant in August 2013 as a Residential Service Coordinator.  Ms. Johnson is Black.

7.      Ms. Johnson suffers from Lupus, and as a result is substantially limited in several major life activities.   In November 2018, Ms. Johnson requested several reasonable accommodations for her Lupus, including limitations on her driving, exposure to sunlight, stress, and prolonged sitting.   As a result of her request, Defendant agreed to the following accommodations:  "driving limited to 3 days per week total to include property site visits, substituting at open sites, as needed, and community partnership meetings.  We expect you to manage and utilize your driving time to be as efficient as possible."

8.      In January 2019, Ms. Johnson learned that a non-disabled White male, Jason Ouellette, was selected for the position of Austin Regional Coordinator.  Moving to that position would have been a promotion for Ms. Johnson, but Defendant did not post the position so that others, including Ms. Johnson, could apply for it.  Ms. Johnson learned of the vacancy in the Austin Regional Coordinator position when she heard that Mr. Ouellette had been selected for it.

9.      During a lunch meeting with Nicole Toscano, who was the Community Services Director, shortly after Mr. Ouellette's promotion, Ms. Johnson asked Ms. Toscano about why she

had not been selected for the position, and Ms. Toscano advised Ms. Johnson that she had not been selected because of her "ADA restrictions." However, there was nothing about Ms. Johnson's ADA restrictions that would have prevented her from doing the Austin Regional Coordinator position.

10.    In July 2019, Ms. Johnson filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division and the U.S. Equal Employment Opportunity Commission alleging that she had not been selected for the Austin Regional Coordinator position because of her disability and her race.

11.    On October 7, 2019, Defendant terminated Ms. Johnson's employment. The reasons given for Ms. Johnson's termination - missing a conference call - are a pretext for unlawful discrimination and retaliation against Ms. Johnson for filing her Charge of Discrimination.

### III.

### CAUSES OF ACTION

### COUNT ONE:
### COUNT ONE - DISCRIMINATION AND RETALIATION
### UNDER 42 U.S.C. § 1981

12.    42 U.S.C. §1981 prohibits race discrimination and retaliation in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

13.    Defendant intentionally discriminated against Plaintiff because of her race by promoting Jason Ouellette to the position of Austin Regional Coordinator over Plaintiff and by terminating Plaintiff's employment. In addition, in terminating Plaintiff's employment, Defendant retaliated against Plaintiff for making a complaint to the Texas Workforce

Commission and the U.S. Equal Employment Opportunity Commission concerning the discriminatory promotion of Mr. Ouellette.  The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

**COUNT TWO - DISCRIMINATION AND RETALIATION**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

14.    Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

15.    Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was retaliated against for opposing race discrimination in violation of Title VII of the Civil Rights Act of 1964.

16.    Defendant is an employer within the meaning of Title VII.

17.    Defendant intentionally discriminated against Plaintiff because of her race in denying her the promotion to the Austin Regional Coordinator position and terminating her employment, and retaliated against Plaintiff because of her opposition to Defendant's discriminatory conduct by terminating Plaintiff's employment.  Plaintiff made a discrimination complaint and opposed a discriminatory practice by Defendant, suffered an adverse employment action as a result in that Defendant terminated her employment, and there is a causal connection between the making of the discrimination complaint, the opposition to the discriminatory practice, and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

**COUNT THREE:**
**DISCRIMINATION ON THE BASIS OF DISABILITY AND RETALIATION**

18.     Defendant violated by the Americans with Disabilities Act by denying Plaintiff a the promotion to the position of Austin Regional Coordinator, and by discharging Plaintiff.  42 U.S.C. § 12101 et seq.

19.     Under 42 U.S.C. §12112, it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability or because the employer regards the individual as a person with a disability.  The ADA also makes it unlawful for an employer to retaliate against an employee for engaging in activity protected by the ADA.

20.     Defendant is an employer under the ADA.  Defendant had more than 15 employees in 20 or more calendar weeks during the year in which Plaintiff was terminated, or in the preceding calendar year.

21.     Plaintiff was qualified for and could perform the essential functions of her job and the Austin Regional Coordinator job at the time of Defendant's decision to deny Plaintiff the promotion to the Austin Regional Coordinator position.  Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

22.     Plaintiff was meeting her employer's expectations.

23.     Plaintiff was terminated because of her disability and as a direct result of her opposition to Defendant's discriminatory conduct, which took the form of Plaintiff's complaint to the Texas Workforce Commission and the U.S. Equal Employment Opportunity Commission.

24.     Defendant violated the ADA by discriminating against Plaintiff because of her disability by denying her the promotion to the Austin Regional Coordinator position and

terminating her employment, and by retaliating against her by terminating Plaintiff's employment.

## IV.

## DAMAGES

25.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

## V.

## COMPENSATORY DAMAGES

26.     Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her association with a person with a disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.

## PUNITIVE DAMAGES

27.     The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## ATTORNEYS' FEES AND EXPERT FEES

28.     A prevailing party may recover reasonable attorneys' and experts' fees under the ADA, Title VII, and 42 U.S.C. §1981. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services,and any appeals. Plaintiff additionally brings suit for expert fees.

## VIII.

## JURY DEMAND

29.     Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.     The Court assume jurisdiction of this cause;

2.     The Court award Plaintiff damages as specified above;

3.     The Court award Plaintiff reinstatement or, in the alternative, front pay;

4.     The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.     The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6.     The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF